## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02642-RBJ-MEH

WEST COAST PRODUCTIONS, INC.,

      Plaintiff,

v.

DOES 1-38,

      Defendants.

---

## AMENDED[1] ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion and Memorandum for Leave to Take Discovery Prior to a Rule 26(f) Conference [filed October 10, 2012; docket #6]. Plaintiff's motion is **granted in part** and **denied in part**.

Plaintiff's motion alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning the identities of the Doe Defendants.

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause.

---

[1]This order is amended only in accordance with this Court's January 14, 2013 minute order.

*Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, Plaintiff's motion is **granted in part** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B) of the subscribers as identified by the thirty-eight (38) IP addresses listed in Exhibit A to Plaintiff's Complaint (docket #1-1). The subpoenas shall be limited to providing Plaintiff with the name, address, telephone number, email address, and Media Access Control address of the subscriber to whom the ISP has assigned the applicable IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. Each ISP shall notify the subscribers that their identities have been subpoenaed by the Plaintiff. Finally, the Court emphasizes that Plaintiff may only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautions Plaintiff that improper use of this information may result in sanctions. All other relief requested in the proposed order [docket #5-3][2] is **denied**.

---

[2]The Court notes that Plaintiff failed to attach its exhibits to the present motion; however, the Court reasonably assumes that the present "amended" motion refers to the same exhibits attached to the original motion filed the same day at docket #5.

Entered and dated at Denver, Colorado, this 14th day of January, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge